﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 190830-27542
DATE: September 30, 2020

ORDER

Entitlement to a higher level of special monthly compensation under 38 U.S.C. § 1114(r)(1) is granted, subject to the laws and regulations governing the payment of monetary benefits.

FINDING OF FACT

The Veteran is receiving special monthly compensation for the need of regular aid and attendance under 38 U.S.C. § 1114(l); loss of use of both hands under 38 U.S.C. § 1114(m); and Parkinson’s disease with dementia rated as totally disabling under 38 U.S.C. § 1114(p).

CONCLUSION OF LAW

The criteria for entitlement to payment of special monthly compensation under 38 U.S.C. § 1114(r)(1) have been met. 38 U.S.C. §§ 1114, 5107; 38 C.F.R. §§ 3.102, 3.350, 3.352.

 REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1969 to December 1969.

On appeal is a June 2018 rating decision that denied a higher level of special monthly compensation based on aid and attendance.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with their Department of Veterans Affairs (VA) decision on their claim to seek review. 

In August 2019, the Veteran filed a Form 10182 – Decision Review Request: Board Appeal (Notice of Disagreement), choosing to continue his appeal via Evidence Submission Review by a Veterans Law Judge under the AMA. 90 days has passed from the date of the Board’s receipt of the Veteran’s VA Form 10182, and the Board will now proceed with adjudication of the Veteran’s claim.

Entitlement to a higher level of special monthly compensation based on aid and attendance.

Special monthly compensation (SMC) is available when, as the result of a service-connected disability, a Veteran suffers additional hardships above and beyond those contemplated under the Rating Schedule. 38 U.S.C. § 1114; 38 C.F.R. §§ 3.350, 3.352. The rate of SMC varies according to the nature of the Veteran’s service-connected disabilities. Basic levels of SMC are listed at 38 U.S.C. § 1114(k). Higher levels of SMC are provided at 38 U.S.C. § 1114(l), (m), (n), and (o).

SMC at the (p) rate provides for "intermediate" SMC rates between the different subsections based on anatomical loss or loss of use of the extremities or blindness in connection with deafness and/or loss or loss of use of a hand or foot. 38 U.S.C. § 1114 (p); 38 C.F.R. § 3.350 (f).

In addition to the statutory rates payable under 38 U.S.C. § 1114(l) through (n) and the intermediate or next-higher rate provisions set forth under 38 U.S.C. § 1114(p), additional single permanent disability or combinations of permanent disabilities independently ratable at 50 percent or more will afford entitlement to the next-higher intermediate rate, or if already entitled to the next-higher intermediate rate, then to the next-higher statutory rate under 38 U.S.C. § 1114, but not above the (o) rate. The disability or disabilities independently ratable at 50 percent or more must be separate and distinct and involve different anatomical segments or bodily systems from the conditions establishing entitlement under 38 U.S.C. § 1114(l) through (n) or the intermediate rate provisions of 38 U.S.C. § 1114(p). 38 C.F.R. § 3.350(f)(3).

Also, additional single permanent disability or combinations of permanent disabilities independently ratable at 100 percent apart from any consideration of individual unemployability will afford entitlement to the next-higher intermediate rate, or if already entitled to the next-higher intermediate rate, then to the next-higher statutory rate under 38 U.S.C. § 1114, but not above the (o) rate. The disability or disabilities independently ratable at 100 percent or more must be separate and distinct and involve different anatomical segments or bodily systems from the conditions establishing entitlement under 38 U.S.C. § 1114(l) through (n) or the intermediate rate provisions of 38 U.S.C. § 1114(p). 38 C.F.R. § 3.350(f)(4).

A veteran receiving SMC at the (o) rate, at the maximum rate under 38 U.S.C. § 1114(p), or at the intermediate rate between (n) and (o) plus SMC at the (k) rate, who is in need of regular aid and attendance or a higher level of care is entitled to an additional allowance during periods that he is not hospitalized at the United States government’s expense. Determination of this need is subject to the criteria of 38 C.F.R. § 3.352. 38 C.F.R. § 3.350(h). The regular or higher level aid and attendance allowance is payable whether or not the need for regular aid and attendance or a higher level of care was a partial basis for entitlement to the maximum rate under 38 U.S.C. § 1114(o) or (p), or was based on an independent factual determination. 38 C.F.R. § 3.350(h).

The amount of the additional allowance payable to a veteran in need of regular aid and attendance is specified in 38 U.S.C. § 1114(r)(1). The amount of the additional allowance payable to a veteran in need of a higher level of care is specified in 38 U.S.C. § 1114(r)(2). The higher-level aid and attendance allowance authorized by 38 U.S.C. § 1114(r)(2) is payable in lieu of the regular aid and attendance allowance authorized by 38 U.S.C. § 1114(r)(1). 38 C.F.R. § 3.350(h)(3).

Need for a higher level of care shall be considered to be need for personal health-care services provided on a daily basis in the veteran’s home by a person who is licensed to provide such services or who provides such services under the regular supervision of a licensed health-care professional. Personal health-care services include (but are not limited to) such services as physical therapy, administration of injections, placement of indwelling catheters, and the changing of sterile dressings, or like functions which require professional health-care training or the regular supervision of a trained health-care professional to perform. A licensed health-care professional includes (but is not limited to) a doctor of medicine or osteopathy, a registered nurse, a licensed practical nurse, or a physical therapist licensed to practice by a State or political subdivision thereof. 38 C.F.R. § 3.352(b)(2).

The term under the regular supervision of a licensed health-care professional means that an unlicensed person performing personal health-care services is following a regimen of personal health-care services prescribed by a health-care professional, and that the health-care professional consults with the unlicensed person providing the health-care services at least once each month to monitor the prescribed regimen. The consultation need not be in person; a telephone call will suffice. 38 C.F.R. § 3.352(b)(3).

A person performing personal health-care services who is a relative or other member of the veteran’s household is not exempted from the requirement that he or she be a licensed health-care professional or be providing such care under the regular supervision of a licensed health-care professional. 38 C.F.R. § 3.352(b)(4). Moreover, the provisions of 38 C.F.R. § 3.352(b) are to be strictly construed. The higher level aid-and-attendance allowance is to be granted only when the need is clearly established and the amount of services required on a daily basis is substantial. 38 C.F.R. § 3.352(b)(5). The performance of the necessary aid and attendance service by a relative of the claimant or other member of his or her household will not prevent the granting of the additional allowance. 38 C.F.R. § 3.352(c).

Turning now to this Veteran, for the entire period on appeal, he was service connected for Parkinson’s disease with dementia, rated 100 percent disabling from June 17, 2009; bilateral upper extremity loss of use of both hands, rated 70 percent disabling from June 17, 2009 and as 100 percent disabling from March 6, 2017; right lower extremity tremor, bradykinesia, muscle rigidity and stiffness due to Parkinson’s disease, rated at 40 percent from June 17, 2009 and at 60 percent from March 6, 2017; left lower extremity tremor, bradykinesia, muscle rigidity and stiffness due to Parkinson’s disease, rated at 60 percent; lumbar stooped posture rated at 40 percent; urinary problems rated at 40 percent; impairment of twelfth (hypoglossal) cranial nerve, rated at 30 percent; constipation rated at 30 percent; right side fifth (trigeminal) cranial nerve difficulty chewing, swallowing rated at 30 percent; left side fifth (trigeminal) cranial nerve difficulty chewing, swallowing rated at 30 percent; impairment of seventh (facial) cranial nerve rated at 20 percent; tremor and impaired neurological function, left upper extremity rated at 20 percent; cervical and thoracic region stooped posture rated at 20 percent; and sexual dysfunction, rated as noncompensable.

The Veteran is also receiving special monthly compensation for loss of use of creative organ under 38 U.S.C. § 1114(k); regular aid and attendance under 38 U.S.C. § 1114(l); loss of use of both hands under 38 U.S.C. § 1114(m); and Parkinson’s disease with dementia rated at 100 percent disabling under 38 U.S.C. § 1114(p). 

After a review of the evidence of record, the Board finds that the Veteran experiences disability under conditions that entitle him to a compensation for aid and attendance at the 38 U.S.C. § 1114(r)(1) rate.

The Veteran’s April 2018 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance reflects the examiner noted that the Veteran had Parkinson’s disease with Parkinson’s associated dementia. The examiner noted that the Veteran is not bedridden and is able to feed himself, although he is not able to prepare his own meals. The examiner further noted that the Veteran needs assistance in bathing and tending to other hygiene needs, explaining that he is unable to completely clean himself due to weakness. The examiner found that the Veteran is not legally blind and does not require nursing home care. The Veteran does require medication management because he was unable to manage medication dosage and timing. The examiner stated the Veteran is not able to manage his own financial affairs and has difficulties with cognition, decreased reasoning, and confusion. In terms of his appearance, the examiner noted the Veteran was stooped over with blank expression but gave appropriate response. The examiner also noted decreased grip strength, tremor, decreased fine motor movement, difficulty shaving, and difficulty cleaning self after toileting. The examiner noted the Veteran has decreased balance with enhanced risk of falls, shuffling gait, and stooped posture. He also had decreased movement of head side-to-side, limiting his field of vision. The examiner noted the Veteran is unable to leave home by himself but is able to leave for short periods to run errands, go dining with spouse. He is no longer able to do small tasks around the house such as cleaning, he does not read newspapers, and he sleeps most of the time.

In a statement received in October 2017 from the Veteran’s spouse, she indicated the Veteran’s cognitive abilities are worsening. As examples, she stated the Veteran has difficulty operating the TV remote and cable function; he is terrified of doing anything new or being around people he does not know; he is unable to tell that the water in the sink is still running after he thinks he turned it off; and he gets lost easily. As for his physical abilities, the Veteran’s spouse indicated that his speech is barely audible; he is unable to allocate his pills and remember to take them; he is tripping a lot more and falling occasionally; he is unable to get into or out of the bathtub; he needs assistance getting into bed; it is very difficult for him to eat, so he uses his hands instead of utensils; he cannot clean properly after a bowel movement; and he lost control of his bladder.

Based on the above, the Board finds that the Veteran’s Parkinson’s disease with dementia, coupled with his other service-connected disabilities that are secondary to Parkinson’s disease, have resulted in such impairment that it would require the aid and attendance of another to assist the Veteran in his activities of daily living and care. These disabilities are shown to have interfered with his ability to feed and dress and undress himself and have limited his personal hygiene. Accordingly, the need for aid and attendance has been demonstrated. 

Additionally, as the Veteran is entitled to compensation at the maximum rate authorized under 38 U.S.C. § 1114(p), and is in need of regular aid and attendance, the Board finds that the requirements for entitlement for a monthly aid and attendance allowance at the SMC (r)(1) rate have been met. The findings of the April 2018 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance, as well as the detailed lay statement from the Veteran’s spouse, make clear the Veteran is entitled to the additional aid and attendance referenced in 38 U.S.C. § 1114(r)(1). 

Finally, the Board acknowledges that as indicated above, SMC (r) also contemplates aid and attendance with a need for a higher level of care. Here, while it is clear that the Veteran requires assistance in bathing, dressing, feeding, and avoiding hazards in his daily environment, there is no evidence that he requires daily personal health-care services such as physical therapy, administration of injections, placement of indwelling catheters, or changing of sterile dressings. Accordingly, the Board finds that the requirements for SMC at the (r)(2) rate are not applicable. 

The Board thus finds that the criteria for a higher level of special monthly compensation for aid and attendance under 38 U.S.C. § 1114(r)(1), but no higher, have been met. 

 

Caroline Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Jiggetts, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.